We'll hear the first case on the calendar, United States v. Ferguson. May it please the Court, Counsel, Craig Nolan for Thomas Ferguson. We believe this case is straightforward for this Court. The District Court did not make an individualized assessment when it imposed two severely restrictive conditions of supervised release. What more would you have had him say? Judge Sessions had nothing to say in this case because there were no facts. There was no evidence that would support the conditions he imposed. He imposed them simply because, in his words, they are standard. Did you raise a legal challenge to the special conditions originally imposed by the State of Vermont? I was not counsel in that case, and that case harkens back to 2003. Here, I should add, too, that case was discharged, the probation in that case was discharged between the change of plea in this case and the sentencing in this case. This was a finding of unsatisfactory. That's right, Your Honor. It was unsatisfactory because Mr. Ferguson committed the instant offense, which, of course, was a violation of his state conditions of probation. And the reason it was discharged is because of the instant SORNA offense, isn't that right? I think it is fair to say, Your Honor, that the state, having had him on supervision for approximately 12 years or so, decided to discharge the case against him because he would be under some federal supervision. That is correct. So help me understand. It appears that your client would benefit under your argument by committing a federal crime. I don't think that's true. Before the crime, he was subject to special conditions, right? He was subject to state special conditions. The state court and the state prosecutor, of course, could have kept him on probation, could have supervised him along with the federal government, but chose not to. There was no guarantee that these special conditions of supervised release, regarding no contact with minors, as well as restricting access to any place where children could possibly congregate. Let's say that your client had properly registered as a sex offender, and state and federal charges had never been brought against him. In that hypothetical, would he still be subject to the conditions of his state probation? He would be until his probation was discharged. There's no evidence in the record when that would have happened, but certainly he would not likely have been on probation his entire life in the state of Vermont. And the scenario you pose, there would be no reason to keep him on probation and supervise him. Here, Judge Sessions made no findings that support the imposition. He merely imposed it because it was standard, in his words, simply because Mr. Ferguson committed a sex offense 12, 13 years earlier. There were no additional offenses, sexual in nature or otherwise, between the SORNA offense and the 2003 offense. The findings in the record indicate that there was a psychosexual evaluation of Mr. Ferguson by the state, found him unlikely to re-offend, in Judge Sessions' words, that he had completed sex offender treatments. Well, just so I can understand, you concede, don't you, that the special conditions imposed by the district court do contain exceptions that allow your client to have contact with minors, including his stepchildren, and to visit areas where minors gather, provided that Mr. Ferguson received pre-approval from probation. Isn't that correct? That is correct, Your Honor. And you're not arguing, are you, and correct me if I'm wrong, that obtaining this pre-approval would be difficult or onerous? Well, I think it would be difficult or onerous at times. Certainly, children congregate in many, many places. And to have to go back to your probation officer each and every time you want to go to the beach, or you want to go to a park, or you want to go to a shopping mall that has a playground in it, that can be quite difficult. I think it's fair to say, though, that the fact that there are exceptions and that a probation officer can mitigate the impact here, that does not alleviate the district court's duty to make particularized findings. And all the findings found by Judge Sessions support leniency, and none of the findings at all support the imposition of these two severe restrictions on liberty. Is there any objection to the court's failure to make specified, specific findings? I don't believe I objected to that. I certainly raised the- This is subject to plain error review. No, Your Honor, I don't think it is. I specifically raised this issue below. I made the argument- You made the argument that he should not be subjected to them, to these conditions. Your Honor, I argued against the imposition of these. They were in the draft PSR, and in the final PSR, we objected to them. I made the argument. There's no- You did not object to the court's failure to make specific findings, which is the, that's the thrust of your argument on appeal, that the court did not make sufficient findings. One argument is that the court did not make sufficient findings. The second argument is there's absolutely no basis in the record for the imposition of these conditions at all. I see my time has expired. Thank you. You'll have three minutes in rebuttal. Good morning, and may it please the court. Nate Burris for the United States. The court, a moment ago, rightly acknowledged that these are the same conditions the defendant was subject to on his state probation, and therefore, because Judge Sessions acknowledged and discussed this fact, we believe that the defendant's claim that the conditions were imposed without explanation, and thus were imposed without any individualized assessment, is plainly contradicted by the record. The court can see in the joint appendix at page 72, this discussion of the defendant's prior state probationary conditions. This conversation continues at page 83 of the joint appendix, where Judge Sessions discusses his preference for progressive supervision of the defendant. And to be clear, this discussion is related to supervision, not incarceration, but supervision. And Judge Sessions, on this point, notes that, as the court pointed out, the defendant would in fact benefit by committing this failure to register sort of violation. Is it your position that that rationale, the kind of perverse incentive issue, was the reason or one of the reasons? Because it's not discussed in the context of the district judge's explanation of the special conditions, but is it your position that that is a reason? That is one of a number of different reasons we would suggest that these conditions were both appropriate and discussed by Judge Sessions relating to 3553A factors. Of course, the fact that he would benefit from the SORNA violation could plausibly be related to respect for the law in one instance. What if there had not been a state special condition, say probation had ended five years earlier? Or there had never been a special condition, would the result be different? Well, certainly that would bend in favor of the defendant. We would suggest, though, that there are nonetheless a number of different reasons why the conditions would still be appropriate. At page 91 of the joint appendix, Judge Sessions discusses the defendant's significant temper. And on the following page, 92, he discusses the defendant's work history and his relationship with his wife and how these two things contribute to his stability. And we would suggest that notwithstanding the court's hypothetical, those factors would still support the imposition of these conditions. The state conditions, as I understand it, prohibit Mr. Ferguson from contacting children under the age of 16, while the federal restrictions say 18. Is that two year difference? How should we think about that two year difference? Is that a restriction on his liberties? Your Honor, that's important because the state conditions were in fact more onerous than the conditions that were imposed by Judge Sessions. In considering whether the conditions involve a greater deprivation of liberty than is reasonably necessary, certainly the stringency of those conditions is a relevant factor for this court to consider. And so in some respects, the defendant, even with the imposition of these conditions, did benefit because the conditions are now less stringent than they were when he was on his state probation. I would also note that in the 12 or so years the defendant was subject to these conditions, he fails to recount either in his initial or his reply brief a single instance where his liberty interests were unduly impeded. And that is another factor I would suggest that this court can consider. All right, how are they less restrictive? In the- In the federal conditions? The age is different in the two conditions. So the state conditions restrict contact at age 16 versus age 18 for the federal conditions. So it- Doesn't that make the federal more restrictive? Because it's more restrictive. It's a greater class of people with which he cannot have contact. Yes, Your Honor. That would be correct. Why isn't that a problem? Well, it's not a problem because of the basis for the conditions and the reasoning that Judge Sessions articulated when he imposed the conditions. And therefore, our argument is that the conditions are appropriate as they relate to minor children in this particular instance. There are essentially three different considerations for the court when determining whether it was an abuse of discretion for Judge Sessions to impose these conditions. This question of whether there was an individualized assessment, the relationship and the reasonableness of that relationship between the conditions, and any one factor in 3553A. And lastly, whether the conditions which the court noted do have exceptions involve a greater deprivation of liberty than is reasonably necessary. I would just like to note that even if the court finds that the reasoning was not articulated by Judge Sessions, this court can still uphold the conditions if it finds that Judge Sessions' reasoning was self-evident in the record. And so we would suggest that the court, looking at the record, can discern the basis for those conditions. He does say that some could argue that he essentially would have benefited by having been convicted of this offense, at least in terms of his conditions of supervision, at 84, right of the record. That is correct, Your Honor. And of course, the final line of the sentencing transcript and hearing includes his comment, that's why I imposed the sentence I imposed. He didn't say that's why I sentenced the defendant to time served or did not continue his incarceration. We would suggest that he is discussing the sentence as a whole. But I wonder, shouldn't the imposition of the federal special conditions stand on their own? There's a federal standard which includes the relationship to one of the 3553A factors and least restrictive infringement on liberty, and there's a whole set of case law on that. Is it appropriate, if the district judge did rely on the fact that there was this state condition, is that appropriate given that there's a federal standard to be applied? Shouldn't the federal special condition be warranted or not under the federal standard, irrespective of what the state does? Otherwise, the federal imposition is valid or not based on whatever the state happens to have done, right or wrong. I would agree that the fact that the state imposed these conditions may not in and of itself justify the federal imposition of the conditions. But nonetheless, it is a factor that the court can consider under 3553A. The defendant's history is of course one of those factors and it is relevant in that respect. And as I noted previously, it would be relevant in this instance also with regard to promoting respect for the law given that the conditions would in essence disappear as a result of the defendant's commission of the instant offense. Lastly, I would note that should the court disagree with the position advocated by the government in this instance, we would suggest that as a remedy, the court should not vacate the conditions, but instead should remand the case back to the district court so that Judge Sessions could conduct the individualized assessment that the defendant claims did not occur. And unless there are any further questions, I would rest on our written submission. Thank you. Thank you. There have been several questions about whether Mr. Ferguson actually benefited by getting himself convicted of a federal felony offense. This was not some plan of Mr. Ferguson's to escape state probation conditions by committing a federal offense and hoping to get caught. He- I realize that might not have been his intention. But isn't there a problem that if we accept your argument, then we provided a road map for somebody who wants to evade requirements. Just violate federal law and you'll get out of your, the conditions that had been imposed previously. If only it were that easy, your honor. There was no guarantee that Mr. Ferguson's state probation would be discharged here. There's not necessarily a track record in Vermont that this is how it works. Additionally- I understand that, but I'm saying going forward. Going forward, it would be an extremely risky road to take. First of all, one can land in jail in a federal penitentiary. Second, one can have all sorts of liberty deprivations imposed. Three, the felony itself, to commit at least a second felony is certainly not going to improve one's lot in life. And finally, the state is not necessarily going to do this when someone is charged and convicted with soreness. It happened in this case because Mr. Ferguson had been on probation for an exceedingly long time. To suggest that this would be a road map, if it is a road map, certainly then the state can see that road map as well. I just don't see the likelihood of people committing soreness offenses to get themselves, in theory, out of state probation conditions. There is no reasoning by Judge Sessions at all as to why he imposed this. That the condition was going away isn't necessarily a basis for re-imposing it. The state, a state judge and a state prosecutor made a decision that state supervision wasn't necessary. And part and parcel of state supervision were similar types of conditions, less restrictive, as you point out, your honor. But nevertheless, there was no guarantee that these conditions went away, your honor. And there was no guarantee that the federal court was ever going to impose the same ones or similar ones when the state court decided to discharge Mr. Ferguson. I see my time is, I thought my time was up. It is up. Thank you. You're right. Thank you both for your argument, the arguments. The court will reserve decision.